1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eunice RUSSELL, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA; George Deukmejian, Governor, State of
California; James Rowland, Director, Department
of Corrections; Frank Milner; Rufus
Morris; et al., Defendants-Appellees.
 No. 92-55045.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 3, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eunice Russell appeals pro se the district court's summary judgment in favor of the State of California and several state employees (collectively "defendants") in his employment action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e) et seq. Russell alleged that he was discriminated against based on his race while employed as a parole service associate by the California Department of Corrections. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 4
 Fed.R.Civ.P. 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Thus, if the nonmoving party fails to establish the existence of an essential element of his or her case through affidavits, depositions, answers to interrogatories or admissions on file, all other facts necessarily are rendered immaterial and the moving party is entitled to judgment as a matter of law. Id. at 322-24.
 
 
 5
 As the plaintiff in this Title VII action, Russell bears the initial burden of establishing a prima facie case of disparate treatment. See Gay v. Waiters' and Dairy Lunchmen's Union, 694 F.2d 531, 537 (9th Cir.1982). Russell must prove that he is a member of a class entitled to protection under Title VII and that he was "singled out and treated less favorably than others similarly situated on account of race ...." See id. The focus of the judicial inquiry is whether Russell has produced evidence supporting an inference of intentional discrimination. See id. at 538 (citing Furnco Construction Corp. v. Waters, 438 U.S. 567, 576 (1978)). If presented, such evidence is sufficient to foreclose any grant of summary judgment. See Pejic v. Hughes Helicopters, Inc., 840 F.2d 667, 672 (9th Cir.1988).
 
 
 6
 Once the plaintiff in a Title VII action establishes a prima facie case, the burden shifts to the defendant to "rebut the presumption of discrimination by 'articulating some legitimate nondiscriminatory reason' for the adverse action." Fragante v. City and County of Honolulu, 888 F.2d 591, 595 (9th Cir.1989), cert. denied, 494 U.S. 1081 (1990). The plaintiff then bears the ultimate burden of showing that the defendant's proffered reason is merely a pretext for invidious discrimination. Id.
 
 
 7
 In his amended complaint, Russell alleged that (1) he wrongfully was given a work assignment which required him to drive 150 miles, (2) he was forced to work without a desk, chair, or telephone and was given demeaning work assignments, (3) he was given work assignments outside of his job classification including assignments normally delegated to parole agents, (4) his vacation and sick leave compensation was mishandled, and (5) he was denied certain unspecified employment and promotion opportunities, all for discriminatory reasons and in retaliation for his filing discrimination charges against his employer with the Equal Employment Opportunity Commission.
 
 
 8
 Because Russell is black, he qualifies as a member of a class entitled to protection under Title VII. Russell's Title VII claim, however, fails for two other reasons. First, Russell failed to submit any evidence to show that he was singled out and treated less favorably than others similarly situated for a discriminatory or retaliatory purpose. See Gay, 694 F.2d at 537. Second, he failed to rebut defendants' affidavits which set forth legitimate nondiscriminatory reasons for defendants' treatment of Russell. See Fragante, 888 F.2d at 595. Thus, because Russell failed, in response to defendants' summary judgment motion, to introduce any evidence supporting an inference of discrimination, an essential element of Russell's case, summary judgment was properly granted for the defendants. See Celotex, 477 U.S. at 322-24; Gay, 694 F.2d at 538.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Russell's motion to supplement the record is denied